ALEXANDER WOLDERT v. S. C. ARLEDGE

No. 913.

**Custom and Usage—Evidence—Sufficiency of.**
    Where plaintiff's right to a recovery depended upon the existence of a custom or usage in a certain city among dealers in a particular line, and he proved that such custom existed by several witnesses who were experienced in that line of business in that and other cities, such testimony was sufficient to establish his cause of action as against the defendant, whose witnesses testified that they did not know of their personal knowledge whether or not such custom existed, but only related what they knew concerning certain individual transactions.

APPEAL from Houston.   Tried below before Hon. J. R. BURNETT.

*Nunn & Nunn,* for appellant.

*A. A. Aldrich,* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—This is the second appeal to this court in this cause,—the plaintiff in the suit, being the appellant

in each appeal.   The result of the first appeal is reported in 4 Texas Civil Appeals, 492.

The suit is for the recovery of damages for alleged breach of contract by the defendant.   The plaintiff's right to a recovery depends upon the existence, at the time of the alleged contract, of a custom or usage in Kansas City, Mo., among dealers in bacon, by which a carload of meat was understood to be 25,000 pounds of meat; and, upon the trial of the case, the existence or non-existence of such custom was the issue between the parties, and the verdict was for the defendant and judgment accordingly.   The defendant's contention was not that there was no usage in Kansas City in the meat trade at the time the alleged contract between him and plaintiff was executed, but that a custom or usage did obtain at that time in said city, and such usage fixed and determined a carload of meat, without further specification in an order for meat, to be 20,000 pounds.   Now, it is self-evident that both of these usages could not obtain at the same time, in the same place.   The two propositions are contradictory of each other.   If, therefore, the evidence offered by each party was of itself sufficient to establish his proposition, there would be such conflict of evidence that a finding by the jury against the plaintiff, the burden of proof being on him, should not be disturbed.   But if, on the other hand, the evidence on part of plaintiff clearly establishes that a usage among dealers in meat in the market of Kansas City did obtain, and that usage in the absence of explanation by the purchaser of what was intended by the term "carload" fixed a carload to be 25,000 pounds, and the evidence on the part of the defendant was insufficient to establish the usage affirmed by him to have existed, then the verdict should have been for the plaintiff.   The plaintiff, by several witnesses, who, by their testimony, were experienced in the meat trade in Kansas City, St. Louis and Chicago, proved positively and distinctly that among persons engaged in that line of business in those cities, the usage was to ship to a buyer who ordered a "carload of meat" 25,000 pounds, when there was nothing in the order indicating that by the term "carload" a less or greater quantity than 25,000 pounds was meant. This usage, these witnesses averred, was universal and notorious.   Besides himself, two witnesses testified on behalf of defendant.   The defendant testified that he was, and had been for several years, doing a grocery business in Crockett, Texas; that his knowledge of the custom or usage set up in his answer was derived from his experience in his own business, and from what he had heard from several of his neighbors who were engaged in buying and selling meat in his town; and from his personal experience in the trade, and from the information derived from conversations with his neighbors, he knew what the custom was in Kansas City among dealers in meat.   He then stated he had repeatedly ordered carloads of meat from Kansas City, and had always received 20,-000 pounds; but, on cross-examination, he admitted that whenever he had ordered a carload of meat, he had by letter explained that by a carload, he meant 20,000 pounds.   He further stated that while his neighbors, like

himself, had generally, if not universally, received the like number of pounds upon orders for "carloads" of meat, he could not say whether or not their orders contained words explaining what was intended by the term "carload." This witness also stated that he could not say of his personal knowledge whether or not there existed in Kansas City a custom or usage which fixed and determined the term, "carload" of meat, in the absence of words explaining the meaning of that term, to be 25,000 pounds. The testimony of the other witnesses for defendant was that they were and had been for several years past dealers in groceries and provisions in Crockett, and had frequently bought meat in Kansas City by the carload, and had always received 20,000 pounds for a carload. They had generally specified in their contracts for meat the number of pounds to be delivered them; but that they were satisfied they had received 20,000 pounds for a carload upon orders or contracts in which the number of pounds were not specified. They each testified further of his own personal knowledge he did not know whether there was, or was not in Kansas City such a custom or usage as that averred by plaintiff. These witnesses, as did the defendant, testified that the railroads conveying freight from Kansas City to Crockett gave reduced rates upon shipments of meat when the quantity was not less than 20,000 pounds; and one of these witnesses, who had been the representative in Crockett of several large dealers in meat in Kansas City and other centers of trade, testified that his instructions from his employers were not to contract for shipments of meat by carload for less quantity than 20,000 pounds, and that these instructions were given on account of the regulation of the railroads referred to by the witness. The testimony of these witnesses, it is to be observed, is, with the exception of the defendant's reference to the business of some of his fellow-townsmen, confined entirely to facts pertaining to their own business. The fact that they had sometimes received 20,000 pounds of meat for a carload, when their orders for the meat had not specified the number of pounds to be shipped them, taken with the other facts deposed to by them, is altogether inadequate to establish the existence of a usage, fixing a carload of meat to be 20,000 lbs. It is quite as reasonable to suppose that the shipments made to these witnesses of 20,000 pounds for a carload, when no specified number of pounds were expressed in the order for these shipments, that the shipments were made in deference to the usual course of dealing between the sellers and purchasers, as that they were made in conformity to a usage of the trade fixing a "carload" to mean, in the absence of explanatory words, 20,000 pounds.

Such being the state of facts, we are of the opinion that the court erred in not granting a new trial. The plaintiff moved to exclude all the evidence offered by the defendant on the issue of usage or custom, and not permit it to be considered by the jury, on the ground that none of the witnesses qualified themselves to testify upon the issue of the existence or non-existence of the usages set up by the pleadings. This motion should have been sustained, as to the testimony of the de-

fendant, as he certainly did not qualify himself to give testimony upon the subject.

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered November 20, 1895.